Steven G. Lisa (Illinois Bar # 6187348)
Jon E. Kappes (Ariz. State Bar # 024714)
LAW OFFICES OF STEVEN G. LISA, LTD.
stevelisa@patentit.com
jonkappes@patentit.com
55 West Monroe Street, Suite 3200
Chicago, IL 60603
Tel & Fax: (312) 752-4357

Victoria Curtin (Ariz. State Bar #010897)
VICTORIA GRUVER CURTIN, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona  85254
victoria@vcurtin.com
Tel.:  (480) 998-3547
Fax:  (480) 596-7956
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| Helferich Patent Licensing, LLC,<br>    an Illinois Limited Liability Company,<br><br>                    Plaintiff,<br><br>    vs.<br><br>Suns Legacy Partners, LLC, dba<br>Phoenix Suns, a Delaware Limited<br>Liability Company,<br>                    Defendant. | No. 2:11-cv-02304 DGC<br><br>MOTION TO DISMISS<br>COUNTERCLAIMS<br><br>(Oral Argument Requested) |

Plaintiff Helferich Patent Licensing, LLC ("HPL") hereby moves this Court to dismiss the Counterclaims filed by Defendant Suns Legacy Partners, LLC ("Phoenix Suns"). This motion is made pursuant to Rules 8(a) and 12(b)(6), Federal Rules of Civil Procedure, and is based upon the memorandum of points and authorities set forth below, Suns Legacy Partners, LLC, D/B/A Phoenix Suns' Answer, Defenses, And

Counterclaims To Helferich Patent Licensing LLC's Complaint For Patent Infringement ("Answer," Dkt. 11) and the pleadings and papers on file herein.

Respectfully submitted this 9th day of January, 2012

       VICTORIA GRUVER CURTIN, P.L.C.

      By:*/s/ Victoria Curtin*
       Victoria Gruver Curtin
       14555 North Scottsdale Rd., Ste. 160
       Scottsdale, Arizona 85254
       Tel.:  (480) 948-3295
       Fax:  (480) 948-3387

      Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITY

Defendant's two counterclaims are bald averments of broad defenses, wholly lacking any factual support or specific legal theories. As such, they fail to meet the requirements of Rule 8(a). The Phoenix Suns have no excuse for pleading so generically.

HPL filed this action against the Phoenix Suns for infringement of HPL's patents relating to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones. Before filing this action, HPL sought to engage the Phoenix Suns in licensing negotiations for many months. In March of 2011, HPL put the Phoenix Suns on notice of its infringement in a detailed letter explaining its infringement allegations, and providing the Phoenix Suns with copies of the patents, file wrappers and claim charts. In the subsequent months, HPL kept the Phoenix Suns abreast of its activities in licensing and patent prosecution, and urged the Phoenix Suns to review the ongoing prosecution through the Patent Office's Public PAIR internet access.

In particular, HPL advised the Phoenix Suns of its success in the Patent Office in response to petitions for reexamination filed by the New York Times Company and its

defense group. As detailed in the Complaint, the New York Times Company and its defense group filed both *ex parte* and *inter partes* requests for reexamination on the three patents at issue herein. The Patent Office has concluded two of the three *ex parte* reexaminations (relating, to the '716 and '757 patents) and in doing so confirmed the patentability of hundreds of claims. The third *ex parte* reexamination (relating to the '838 patent) remains pending, although HPL confidently expects additional claims to be confirmed as patentable in that case as well. All three *inter partes* requests were summarily denied by the Patent Office.

Also contained in the prosecution histories of the patents in suit and related applications are Information Disclosure Statements setting forth each allegedly invalidating reference cited to HPL by any potential licensee and any of the defendants in its numerous litigations over these patents. HPL advised the Phoenix Suns repeatedly of this available information.

Moreover, the Complaint itself is unusually detailed. The Complaint, including exhibits, is 30 pages. It has several pages of specific infringement allegations with screenshots showing examples of infringing activities by the Phoenix Suns. *See* Complaint (Dkt. 1), ¶ 19.

Despite having months to study the patents, HPL claim charts and the wealth of references cited in the prosecution histories of the patents in suit and related applications, as well as the detailed allegations of the Complaint, the Phoenix Suns filed two counterclaims that are wholly devoid of any factual recitation. The first counterclaim, for a declaration of invalidity, states merely:

> Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, SLP requests a declaration from the Court that each of the claims of the Asserted Patents are invalid for failure to meet one or more provisions of the United States patent laws, 35 U.S.C. 101 *et seq.*, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

*See* Answer, ¶ 86. The second counterclaim, for a declaration of non-infringement, is equally bare-bones:

> Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, SLP requests a declaration from the Court that SLP does not and has not infringed any valid and enforceable claim of Asserted Patents, either literally or under the doctrine of equivalents, either directly, indirectly, contributory, or by inducement.

*Id.*, ¶ 88.  There are no other substantive allegations in the counterclaims, nor are there any factual allegations in either the answers to the counts of the Complaint or the affirmative defenses set forth in the Answer.

Such stark statements do not meet the pleading standards of Rule 8(a), Federal Rules of Civil Procedure, as explained by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Rule 8(a) requires any pleading that states a claim for relief to contain at least "a short and plain statement of the claim showing that the pleader is entitled to relief."  That requires at least *some* factual allegations supporting the claim.  *See Twombly*, 550 U.S. at 570 (complaint requires "enough facts to state a claim to relief that is plausible on its face").  This standard applies to counterclaims, including for declarations of invalidity, as well as complaints.  *See Starr v. Baca,* 652 F.3d 1202, 1316 (9th Cir. 2011) (counterclaim "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"); *AFL Telecommunications LLC v. Fiberoptic Hardware, LLC*, 2011 WL 6004584 (D. Ariz. Dec. 1, 2011) (dismissing counterclaim for declaration of invalidity of trademark).

The Phoenix Suns' boilerplate assertions fail to either provide any supporting factual basis or to state the legal theory for the relief sought. Nor do they give "fair notice" to HPL to enable it to defend itself effectively.  Given HPL's detailed allegations in both its notice letter and the Complaint, and the copious information available in the prosecution and reexamination histories, the Phoenix Suns should be able to give HPL some idea of precisely which statutory grounds for invalidity it is relying on, what references (if any) are at issue, and why the Phoenix Suns alleges it does not infringe.

Nor is it sufficient to say that HPL can explore these issues in discovery, as the Phoenix Suns' stock recitations could invoke literally dozens of defenses and discovery is limited (*see, e.g.,* Federal Rules of Civil Procedure 30(a)(2)(A)(i) (limit on number of depositions) and Rule 33(a)(1) (limit on number of interrogatories).

District courts across the country have dismissed similar barebones counterclaims in patent actions. *See Cleversafe Inc. v. Amplidata, Inc.*, 2011 WL 6379300 *1 (N.D.Ill. Dec. 20, 2011) (dismissing invalidity counterclaim that failed to state "any specific reason or under any certain statutory provision"); *Whitserve, LLC v. GoDaddy.com, Inc.*, 2011 WL 5825712 *2 (D. Conn. Nov. 17, 2011); *Wireless Ink Corp. v. Facebook, Inc.*, 787 F.Supp.2d 298, 313 (S.D.N.Y. 2011); *Tyco Fire Products LP v. Victaulic Co.*, 777 F.Supp.2d 893, 904 (E.D. Pa. 2011) ("Defendant's counterclaim plainly does not satisfy this standard: it contains a mere legal conclusion, no supporting facts, and cites four broad provisions of Title 35 of the United States Code in support 'without limitation'").

The Counterclaims of the Phoenix Suns should be dismissed for failure to adequately set forth a claim for relief, pursuant to Rules 8(a) and 12(b)(6).

Respectfully submitted this 9th day of January, 2012

VICTORIA GRUVER CURTIN, P.L.C.

By:*/s/ Victoria Curtin*
Victoria Gruver Curtin
14555 North Scottsdale Rd., Ste. 160
Scottsdale, Arizona 85254
Tel.: (480) 948-3295
Fax: (480) 948-3387

Attorney for Plaintiff