Laura E. Muschamp (AZ Bar # 017531)
lmuschamp@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive
6th Floor
San Diego, CA 92122-1225
T: (858) 678-1803
F: (858) 678-1603

Attorneys for Defendant
*Phoenix Newspapers, Inc., d/b/a*
*The Arizona Republic*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helferich Patent Licensing, LLC<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Suns Legacy Partners LLC, et al.<br><br>　　　　Defendants. | Civil Case No.: 2:11-cv-02304 PHX DGC<br><br>**ANSWER, DEFENSES, COUNTERCLAIMS, AND JURY DEMAND** |

　　　　Defendant Phoenix Newspapers, Inc. ("PNI") answers the Complaint of Helferich Patent Licensing, LLC ("HPL") as follows:

**NATURE OF THE ACTION**

　　　　1.　　PNI admits the allegations of Paragraph 1.

**JURISDICTION AND VENUE**

　　　　2.　　PNI admits that it does business in the State of Arizona and in this District. PNI denies that it has engaged in caused infringing messages to be sent to anyone, including residents of this State and District. Except as expressly admitted, PNI otherwise denies the allegations of paragraph 2.

　　　　3.　　PNI admits that venue is permitted in this judicial district at the present time pursuant to 28 U.S.C. § 1400(b), but denies that venue is "appropriate." PNI further denies

1  that it has caused infringing messages to be sent to anyone, including residents of this State and
2  District.

**PLAINTIFF**

4.  PNI is informed and believes that Plaintiff is an Illinois Limited Liability Corporation.  PNI otherwise lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis denies them.

5.  PNI admits that U.S. Patent No. 7,835,757 ("the '757 patent") is entitled "System and Method For Delivering Information To a Transmitting and Receiving Device" and that it purports to have been issued by the U.S. Patent and Trademark Office ("PTO") on November 16, 2010.  PNI lacks information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 5, and on that basis denies them.

6.  PNI denies the allegations of Paragraph 6 of the Complaint.  PNI denies that the '757 patent describes "methods and systems relating to wireless messaging to mobile devices."  As described in the specification and prosecution history of the '757 patent, and as further described in the context of the PTO's recent reexamination of that patent, the '757 patent describes and claims an extremely limited method requiring a user of a mobile handset to perform a specific set of tasks in order to be able to access specific types of information on a handset.  Further, in reexamination proceedings, the PTO has rejected the notion that the '757 patent claims "relate to, among other things, the transmission of notification messages to mobile devices that include identifiers (such as a URL) that identify content available for download, including for example, identifiers that are received from an identification service such as a link shortening service."  For example, "SMS messages that include an identifier of content (such as a URL) in the message, and where the identified content is updated and/or changed by the content provider between the time the notification is sent and the time the content is requested" is unquestionably disclosed in prior art that the PTO has relied on to reject claims of the '757 patent.  To overcome such prior art, HPL has been forced to amend its claims to require that an identifier "establish[] to the recipient the address of the particular system to which to respond."  See Advisory Action, App./Control No. 90/009,882, Oct. 21, 2011 at 9.  PNI also denies that the

1  "examples" of allegedly infringing activities in Paragraph 6 meet the limitations of the '757
2  patent claims.

3      7.    PNI admits that U.S. Patent No. 7,499,716 ("the '716 patent") is entitled
4  "System and Method For Delivering Information To a Transmitting and Receiving Device" and
5  purports to have been issued by the PTO on March 3, 2009.  PNI lacks information sufficient to
6  form a belief as to the truth of the remainder of the allegations in Paragraph 7, and on that basis
7  denies them.

8      8.    PNI denies the allegations of Paragraph 8 of the Complaint.  PNI denies
9  that the '716 patent "describes methods and systems that relate to wireless messaging to mobile
10 devices."   As described in the specification and prosecution history of the '716 patent, and as
11 further described in the context of the PTO's reexamination, the '716 patent describes and
12 claims an extremely limited system and method requiring a user of a mobile handset to perform
13 a specific set of tasks in order to be able to access specific types of information on a handset.
14 PNI also denies that the "examples" of allegedly infringing activities in Paragraph 8 meet the
15 limitations of the '716 patent claims.  PNI further notes that, during ongoing reexamination of
16 the '716 patent by the PTO, HPL made amendments to many claims of the '716 patents to
17 further limit those claims.

18     9.    PNI admits that U.S. Patent No. 7,280,838 ("the '838 patent") is entitled
19 "Paging Transceivers and Methods For Selectively Retrieving Messages" and purports to have
20 been issued by the PTO on October 9, 2007.  PNI lacks information sufficient to form a belief as
21 to the truth of the remainder of the allegations in Paragraph 9, and on that basis denies them.

22     10.    PNI denies the allegations of Paragraph 10 of the Complaint.  PNI denies
23 that the '838 patent "includes claims that relate to, among other things, the transmission of
24 notification messages to mobile devices that include identifiers (such as a URL) that identify
25 content available for download.  PNI also denies that SMS or MMS messages that include a
26 URL in the message are "examples" that will infringe the claims of the '838 patent.  PNI notes
27 that the PTO is reexamining the '838 patent, and that all claims of the '838 patent were rejected
28

by the PTO in an action dated September 28, 2011. Those grounds of rejection were not retracted as of the examiner's interview summary dated December 13, 2011.

11. PNI is informed and believes that on July 14, 2010, HPL filed suit against New York Times Company asserting infringement of the '757, '716, and '838 patents, that The New York Times sought *ex parte* reexamination of those patents, and that the PTO found The New York Times raised substantial questions of patentability concerning the three patents. PNI is aware that the PTO issued a Notice of Intent to Issue Reexamination Certificate of the '716 patent, and that HPL was forced to amend and narrow a substantial majority of the original invalid claims of the '716 patent. PNI is aware that only six of the original claims of the '757 patent were confirmed in reexamination. PNI is also aware that only 16 claims of the '716 patent were confirmed in reexamination. PNI is informed and believes, and therefore admits that a Non-Final Office Action has been issued by the PTO with respect to the '838 patent, and that multiple claims have been amended. Except as so admitted, PNI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and on that basis denies the allegations.

12. PNI is informed and believes that the PTO also found that the prior art explicitly teaches that "'identifiers' that 'indirectly' identify the content's location" were known in the prior art. PNI is informed and believes that HPL made statements after prosecution had closed in the reexamination of the '716 patent. PNI denies that statements made by HPL after prosecution had closed did anything but narrow the scope of any claim. PNI also specifically denies that "the use of URL's (such as short links)" are covered by the claims of the '716 patent, particularly since that technology is found in the prior art that was at issue in the reexamination.

13. PNI is informed and believes, and therefore admits, that *inter partes* reexamination requests were filed by, among others, The New York Times Co. PNI is informed and believes, and therefore admits, that those *inter partes* reexamination requests were denied as the claims of the patents had at that been already been narrowed as a result of earlier *ex parte* reexaminations. PNI denies that the PTO has "disposed" of invalidity issues that can be raised in reexamination.

14. PNI lacks information sufficient to form a belief as to the truth of the allegations of paragraph 14, particularly in light of recent activity in the PTO concerning the '757 and '716 patents, and therefore denies the allegations.

15. PNI lacks information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and on that basis denies them.

16. PNI is informed and believes that HPL has licensed the patents-in-suit, and other patents, based on an established royalty, which would establish a cap on any potential liability for PNI under 35 U.S.C. section 284. PNI otherwise lacks information sufficient to form a belief concerning the truth of the allegations of Paragraph 16, and on that basis denies the allegations.

**THE DEFENDANT**

17. PNI admits the allegations of Paragraph 17, except denies that it "purposefully directs" any "infringing activities … to residents of this State and District" in any way.

18. PNI denies the allegations of Paragraph 18 and its sub-paragraphs. PNI notes that the allegations of Paragraph 18 mis-read the claims of the patents-in-suit, particularly given the narrow scope afforded to the '757 and '716 patents in the course of reexamination of those patents by the PTO.

19. PNI admits that it received a letter dated November 5, 2010 from Steven G. Lisa with the subject line "Helferich Patent Portfolio Related to Wireless Content Provision," which PNI attaches hereto as Exhibit 1. PNI denies that the letter referenced in Paragraph 19 provided an accurate description of the claims of the '716 or '838 patents. PNI further denies that anything in the letters demonstrated any infringement of the claims of those patents, and also denies that any of the letters included charts. PNI notes that the claims of the '716 and '757 patents have not yet emerged from reexamination, have in many cases been amended, and so the correspondence referenced in paragraph 18 of the complaint cannot act as notice sufficient to trigger the provisions of 35 U.S.C. sections 284 paragraph 2 or 285.

1  20. PNI denies the allegations of Paragraph 20, and further denies it infringes any valid claim of the patents-in-suit. It has not taken a license to the patents-in-suit for that reason, among others.

## COUNT I

### (Alleged Infringement of United States Patent No. 7,835,757)

21. PNI incorporates by reference its answer to Paragraphs 1-20 of the Complaint and re-alleges those allegations in response to Paragraph 21.

22. PNI denies the allegations of Paragraph 22.

23. PNI denies the allegations of Paragraph 23.

24. PNI denies the allegations of Paragraph 24.

25. PNI denies the allegations of Paragraph 25.

26. PNI denies the allegations of Paragraph 26.

27. PNI denies the allegations of Paragraph 27.

## COUNT II

### (Alleged Infringement of United States Patent No. 7,499,716)

28. PNI incorporates by reference its answer to Paragraphs 1-20 of the Complaint and re-alleges those allegations in response to Paragraph 28.

29. PNI denies the allegations of Paragraph 29.

30. PNI denies the allegations of Paragraph 30.

31. PNI denies the allegations of Paragraph 31.

32. PNI denies the allegations of Paragraph 32.

33. PNI denies the allegations of Paragraph 33.

34. PNI denies the allegations of Paragraph 34.

## COUNT III

### (Alleged Infringement of United States Patent No. 7,280,838)

35. PNI incorporates by reference its answer to Paragraphs 1-20 of the Complaint and re-alleges those allegations in response to Paragraph 35.

36. PNI denies the allegations of Paragraph 36.

37. PNI denies the allegations of Paragraph 37.

38. PNI denies the allegations of Paragraph 38.

39. PNI denies the allegations of Paragraph 39.

40. PNI denies the allegations of Paragraph 40.

41. PNI denies the allegations of Paragraph 41.

## PRAYER FOR RELIEF

PNI denies that HPL is entitled to any of the relief HPL seeks in its Prayer for Relief, and further denies that HPL is entitled to any injunction given its status as a non-practicing entity.

## DEFENSES

Without altering the burdens of proof, PNI asserts the following affirmative and other defenses against HPL:

### FIRST DEFENSE
### (INVALIDITY)

1. The asserted claims of the patents-in-suit are invalid for failing to meet one or more of the requisite statutory and/or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, sections 101, 102, 103, 112, and 116. The PTO's *ex parte* reexamination of the '838 patent is ongoing, and *inter partes* reexamination of the '716 patent has been requested, which counsels in favor of a stay of this action pending reexamination in order to address the invalidity of the asserted claims. If and when a reexamination certificate issues with respect to any of the '757 and '838 patents, PNI intends to file a request for the PTO to conduct an *inter partes* reexamination of the '757 and/or '838 patents based on guidance set forth by the PTO in the context of the ongoing *ex parte* reexaminations, which further counsels in favor of a stay of this action pending reexamination in order to address the invalidity of the asserted claims.

### SECOND DEFENSE
### (NON-INFRINGEMENT)

2. HPL is not entitled to any relief against PNI because PNI does not infringe and has not infringed, directly or indirectly, any valid claim of the patents-in-suit.

## THIRD DEFENSE
## (PROSECUTION HISTORY ESTOPPEL)

3. Prosecution history estoppel bars HPL from proving infringement of any valid claim of the patents-in-suit under the doctrine of equivalents. HPL is estopped from construing any valid claim of the patents-in-suit in such a way that may cover PNI's activities by reason of statements made to the PTO during the prosecution of the applications that issued as the patents-in-suit, and during reexamination proceedings for the '757, '716, and '838 patents.

## FOURTH DEFENSE
## (NO INTENT TO INDUCE INFRINGEMENT)

4. PNI lacked and lacks any specific intent to infringe any claim of the patents-in-suit, thereby foreclosing liability for inducement of infringement.

## FIFTH DEFENSE
## (INJUNCTIVE RELIEF NOT AVAILABLE)

5. Neither preliminary nor permanent injunctive relief are available to HPL under the legal standards for injunctions, and a compulsory licenses would be legal error, because, among other things, HPL cannot show irreparable harm, and the balance of hardships and public interest do not favor an injunction in this case. *See eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006).

## SIXTH DEFENSE
## (FAILURE TO MARK)

6. HPL's right to seek damages and costs is limited pursuant to 35 U.S.C. § 287. PNI is informed and believes, and thereupon alleges, that HPL's licensees failed to mark allegedly patented systems and system components with the patents-in-suit.

## SEVENTH DEFENSE
## (LIMITATIONS ON DAMAGES)

7. HPL's right to seek damages and costs is limited pursuant to 35 U.S.C. § 286. HPL's right to seek damages and costs is further limited for any alleged infringement of claims of the '757, '716, and '838 patents that were or are amended and that issue under a

reexamination certificate; HPL cannot seek damages for such claims prior to the date of the reexamination certificate.

### EIGHTH DEFENSE
### (EQUITABLE DEFENSES)

8. HPL is barred by the doctrines of estoppel, laches, unclean hands, waiver and/or other applicable equitable doctrines.

### NINTH DEFENSE
### (INTERVENING RIGHTS)

9. The doctrine of intervening rights bars liability based on PNI's activities after issuance of a reexamination certificate for the '757, '716, and/or '838 patents with respect to any claim amended by HPL in the course of reexamination by the PTO of those patents where PNI is merely continuing the use of systems and methods that pre-date the reexamination certificate.

### TENTH DEFENSE
### (PATENT EXHAUSTION AND/OR FIRST SALE)

10. HPL's claims of patent infringement against PNI relating to the transmission of messages to mobile devices are barred by the doctrine of patent exhaustion and/or by the first sale doctrine based on the licenses, between HPL and mobile device or mobile device software companies and others, including but not limited to those as alleged in paragraph 16 the complaint.

### COUNTERCLAIMS

For its Counterclaims, Defendant and Counterclaimant PNI alleges against Plaintiff and Counterclaim Defendant HPL as follows:

### PARTIES

1. PNI is an Arizona corporation with its principal place of business in Phoenix, Arizona.

2. Based on the allegations of HPL's Complaint, PNI is informed and believes, and thereupon alleges, that HPL is a Limited Liability Company with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

3. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202 of non-infringement and invalidity of the patents-in-suit under the United States patent laws, 35 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c), though counterclaimant reserves the right to seek transfer of this action.

## GENERAL ALLEGATIONS

5. On December 14, 2011, HPL filed suit against PNI, claiming infringement of the patents-in-suit.

6. A justiciable controversy exists between HPL and PNI concerning the non-infringement and invalidity of the patents-in-suit.

## FIRST COUNTERCLAIM
## (NON-INFRINGEMENT OF THE PATENTS-IN-SUIT)

7. PNI refers to and incorporates by reference Paragraphs 1-6 of its Counterclaims as though fully set forth herein.

8. PNI has not and is not now infringing, directly or indirectly, the claims of the patents-in-suit asserted by HPL against PNI (the '757, '716, and '838 patents).

9. PNI is entitled to a declaratory judgment that PNI does not infringe the asserted claims of the patents-in-suit.

## SECOND COUNTERCLAIM
## (INVALIDITY OF THE PATENTS-IN-SUIT)

10. PNI refers to and incorporates by reference Paragraphs 1-6 of its Counterclaims as though fully set forth herein.

11. The asserted claims of the patents-in-suit are invalid for failing to meet one or more of the requisite statutory and/or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, sections 101, 102, 103, 112, and 116.

12. If any of the asserted claims survive reexamination by the PTO, PNI is entitled to a declaratory judgment that the asserted claims of the patents-in-suit are invalid based on sections 101, 102, 103, 112, and 116 of Title 35 of the United States Code that the PTO cannot consider in the context of reexamination (since a reexamination proceeding is limited to consideration of prior art patents and printed publications).

**PRAYER FOR RELIEF**

13. Wherefore, PNI prays for judgment that:

    A. HPL's Complaint against PNI be dismissed in its entirety with prejudice;

    B. HPL is not entitled to the relief prayed for from PNI in its Complaint, or to any relief from PNI whatsoever;

    C. The '757 patent has never been, and is not now, infringed by PNI or by any other person using PNI's services in this District or anywhere else in the Unites States;

    D. The '757 patent is invalid, unenforceable, and void against PNI;

    E. The '716 patent has never been, and is not now, infringed by PNI or by any other person using PNI's services in this District or anywhere else in the Unites States;

    F. The '716 patent is invalid, unenforceable, and void against PNI;

    G. The '838 patent has never been, and is not now, infringed by PNI or by any other person using PNI's services in this District or anywhere else in the Unites States;

    H. The '838 patent is invalid, unenforceable, and void against PNI;

    I. PNI be awarded its costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

    J. PNI be awarded such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), PNI demands a trial by jury on all issues so triable.

| | |
|---|---|
| | Respectfully Submitted, |
| DATED: January 25, 2012 | By_____/s/ *Laura E. Muschamp*_____ |
| | Laura E. Muschamp (AZ Bar # 017531) |
| | lmuschamp@cov.com |
| | COVINGTON & BURLING LLP |
| | 9191 Towne Centre Drive |
| | 6th Floor |
| | San Diego, CA 92122-1225 |
| | T: (858) 678-1803 |
| | F: (858) 678-1603 |
| | |
| | *Attorneys for Defendant Phoenix Newspapers, Inc.* |

<u>Certificate of Service</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 25th day of January 2012.

By  /s/ *Laura E. Muschamp*