Steven G. Lisa (Illinois Bar No. 6187348)
Jon E. Kappes (Ariz. State Bar # 024714)
LAW OFFICES OF STEVEN G. LISA, LTD.
stevelisa@patentit.com
jonkappes@patentit.com
55 West Monroe Street, Suite 3200
Chicago, IL 60603
Tel & Fax: (312) 752-4357

Victoria Curtin (Ariz. State Bar #010897)
VICTORIA GRUVER CURTIN, P.L.C.
14555 N. Scottsdale Rd., Ste. 160
Scottsdale, Arizona  85254
Victoria@vcurtin.com
Tel.:  (480) 998-3547
Fax:  (480) 596-7956
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Helferich Patent Licensing, L.L.C.,<br>    an Illinois Limited Liability Company,<br><br>                    Plaintiff,<br><br>     vs.<br><br>Suns Legacy Partners, LLC, dba<br>Phoenix Suns, a Delaware Limited<br>Liability Company,<br>                    Defendant.<br><br>Helferich Patent Licensing, L.L.C.,<br>    an Illinois Limited Liability Company,<br><br>                    Plaintiff,<br>     vs.<br><br>Phoenix Newspapers, Inc., dba The Arizona<br>Republic, an Arizona Corporation,<br><br>                    Defendants. | Consolidated Case<br>No. 2:11-cv-02304 DGC<br><br><br>**MOTION TO DISMISS**<br>**COUNTERCLAIM BY**<br>**THE ARIZONA REPUBLIC**<br><br>(Oral Argument Requested) |

| | |
|---|---|
| Helferich Patent Licensing, L.L.C., <br>     an Illinois Limited Liability Company, <br><br>                   Plaintiff, <br><br>    vs. <br><br> Nissan Motor Co., Ltd., a Japanese Corporation; <br> Nissan North America, Inc., a California <br> Corporation; and Midway Holdings, Inc., dba <br> Midway Nissan, an Arizona Corporation, <br><br>                  Defendants. <br> Helferich Patent Licensing, L.L.C., <br>     an Illinois Limited Liability Company, <br><br>                   Plaintiff, <br><br>    vs. <br><br> NBA Properties, Inc., a New York Corporation; <br> And National Basketball Association, Inc, a <br> New York Corporation, <br>                  Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff Helferich Patent Licensing, LLC ("Helferich") hereby moves this Court to dismiss the Second Counterclaim filed by Defendant Phoenix Newspapers, Inc., dba The Arizona Republic ("Arizona Republic"). This motion is made pursuant to Rules 8(a) and 12(b)(6), Federal Rules of Civil Procedure, and is based upon the memorandum of points and authorities set forth below, the Arizona Republic's Answer, Defenses, Counterclaims and Jury Demand ("Counterclaims," Dkt. 32) and the pleadings and papers on file herein.

///

///

///

2

Respectfully submitted this 30th day of January, 2012

                VICTORIA GRUVER CURTIN, P.L.C.


By:*/s/ Victoria Curtin*
    Victoria Gruver Curtin
    14555 North Scottsdale Rd., Ste. 160
    Scottsdale, Arizona 85254
    Tel.:  (480) 948-3295
    Fax:  (480) 948-3387

Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITY

The Arizona Republic's Second Counterclaim for invalidity of the patents in suit consists solely of bald averments of broad defenses, wholly lacking in any factual support or specific legal theories. As such, it fails to meet the requirements of Rule 8(a). As explained below, the Republic has been given ample opportunity to become familiar with the patents in suit. Further, the Arizona Republic's counsel are intimately familiar with the patents, having represented other defendants in attempting to invalidate the subject patents via several unsuccessful reexaminations. The Arizona Republic has no excuse for pleading so generically.

Helferich filed this action against the Arizona Republic for infringement of Helferich's patents relating to systems and methods used by content providers to create, store, and cause delivery of electronic messages and related content to mobile phones. Before filing this action, Helferich sought to engage the Arizona Republic in licensing negotiations for many months.  In November of 2010, Helferich put the Arizona Republic on notice of its infringement in a detailed letter explaining its infringement allegations, and providing the Arizona Republic with copies of the patents, file wrappers and claim charts.  In subsequent months, Helferich kept the Arizona Republic abreast of its activities in licensing and patent prosecution, and urged the Arizona Republic to review the ongoing prosecution through the Patent Office's Public PAIR internet access.

In particular, Helferich advised the Arizona Republic of its success in the Patent Office in response to petitions for reexamination filed by the New York Times Company and its defense group. As detailed in the Complaint, the New York Times Company and its defense group filed both *ex parte* and *inter partes* requests for reexamination on the three patents at issue herein. The Patent Office has concluded two of the three *ex parte* reexaminations (relating to the '716 and '757 patents) and in doing so confirmed the patentability of hundreds of claims. The third *ex parte* reexamination (relating to the '838 patent) remains pending, although Helferich was recently informed by the lead Examiner assigned to the '838 case that additional claims will shortly be confirmed as patentable in that case as well. All three *inter partes* requests were summarily denied by the Patent Office.

Also contained in the prosecution histories of the patents in suit and related applications are Information Disclosure Statements setting forth each allegedly invalidating reference cited to Helferich by potential licensees and various defendants in other litigation brought by Helferich for infringement of its patents. Helferich specifically and repeatedly advised the Arizona Republic of this available information. However, counsel for the Arizona Republic was hardly in need of such a reminder, as their firm (namely, Covington & Burling) filed the aforementioned *ex parte* and *inter partes* requests on behalf of the New York Times and its defense group. This same firm also represents BonTon Stores, CBS, G4 Media and Bravo, all of which are defendants in other suits brought by Helferich in the Northern District of Illinois alleging infringement of the patents in suit. Still further, this same firm represented Hewlett-Packard and Palm in litigation (which resolved when HP and Palm accepted a license).

Moreover, the Complaint itself is unusually detailed. The Complaint, including exhibits, is 25 pages. It has several pages of specific infringement allegations, including screenshots showing examples of infringing activities by the Arizona Republic. *See* Complaint (Dkt. 1), ¶ 18.

Despite the Arizona Republic specifically having over a year to study the patents, Helferich claim charts and the wealth of references cited in the prosecution histories of the patents in suit and related applications, its counsel representing numerous additional defendants and the detailed allegations of the Complaint, the Arizona Republic filed a counterclaim for a declaration of invalidity that is wholly devoid of any factual recitation. The Second Counterclaim merely states:

> The asserted claims of the patents-in-suit are invalid for failing to meet one or more of the requisite statutory and/or decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including without limitation, sections 101, 102, 103, 112, and 116.If any of the asserted claims survive reexamination by the PTO, PNI is entitled to a declaratory judgment that the asserted claims of the patents-in-suit are invalid based on sections 101, 102, 103, 112, and 116 of Title 35 of the United States Code that the PTO cannot consider in the context of reexamination (since a reexamination proceeding is limited to consideration of prior art patents and printed publications).

*See* Counterclaims, Second Counterclaim ¶¶ 11-12 (paragraph omitted). There are no other substantive allegations in the counterclaim, nor are there any pertinent factual allegations in either the answers to the counts of the Complaint or the affirmative defenses set forth in the Answer that would supplement the generic recitation.

Such stark statements do not meet the pleading standards of Rule 8(a), Federal Rules of Civil Procedure, as explained by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Rule 8(a) requires any pleading that states a claim for relief to contain at least "a short and plain statement of the claim showing that the pleader is entitled to relief." That requires at least *some* factual allegations supporting the claim. *See Twombly*, 550 U.S. at 570 (complaint requires "enough facts to state a claim to relief that is plausible on its face"). This standard applies to counterclaims, including for declarations of invalidity, as well as complaints. *See Starr v. Baca,* 652 F.3d 1202, 1316 (9th Cir. 2011) (counterclaim "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing

party to defend itself effectively"); *AFL Telecommunications LLC v. Fiberoptic Hardware, LLC*, 2011 WL 6004584 (D. Ariz. Dec. 1, 2011) (dismissing counterclaim for declaration of invalidity of trademark).

The Arizona Republic's boilerplate assertions fail to either provide any supporting factual basis or to state the legal theory for the relief sought. Nor do they give "fair notice" to Helferich to enable it to defend itself effectively. Given Helferich's detailed allegations in both its notice letter and the Complaint, and the copious information available in the prosecution and reexamination histories, the Arizona Republic should be able to give Helferich some idea of precisely which statutory grounds for invalidity it is relying on, what references (if any) are at issue, and what combinations of those references will be asserted. Nor is it sufficient to say that Helferich can explore these issues in discovery, as the Arizona Republic's stock recitations could invoke literally dozens of defenses and discovery is limited (*see, e.g.,* Federal Rules of Civil Procedure 30(a)(2)(A)(i) (limit on number of depositions) and Rule 33(a)(1) (limit on number of interrogatories).

District courts across the country have dismissed similar barebones counterclaims in patent actions. *See Cleversafe Inc. v. Amplidata, Inc.*, 2011 WL 6379300 *1 (N.D.Ill. Dec. 20, 2011) (dismissing invalidity counterclaim that failed to state "any specific reason or under any certain statutory provision"); *Whitserve, LLC v. GoDaddy.com, Inc.*, 2011 WL 5825712 *2 (D. Conn. Nov. 17, 2011); *Wireless Ink Corp. v. Facebook, Inc.*, 787 F.Supp.2d 298, 313 (S.D.N.Y. 2011); *Tyco Fire Products LP v. Victaulic Co.*, 777 F.Supp.2d 893, 904 (E.D. Pa. 2011) ("Defendant's counterclaim plainly does not satisfy this standard: it contains a mere legal conclusion, no supporting facts, and cites four broad provisions of Title 35 of the United States Code in support 'without limitation'").

The Counterclaims of the Arizona Republic should be dismissed for failure to adequately set forth a claim for relief, pursuant to Rules 8(a) and 12(b)(6).

/ / /

Respectfully submitted this 30th day of January, 2012

                VICTORIA GRUVER CURTIN, P.L.C.

            By:*/s/ Victoria Curtin*
                Victoria Gruver Curtin
                14555 North Scottsdale Rd., Ste. 160
                Scottsdale, Arizona 85254
                Tel.:  (480) 948-3295
                Fax:  (480) 948-3387

                Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2011, I electronically transmitted the attached document to the Clerks' Office using the Court's CM/ECF System for filing and a transmittal of a Notice of Electronic Filing was sent electronically to the following CM/ECF registrants:


Donna H. Catalfio
catalfiod@ballardspahr.com
Ballard Spahr, LLP
1 East Washington Street, Suite 2300
Phoenix, AZ  85004-2555


Syed K. Fareed
sfareed@velaw.com
David B. Weaver
dweaver@velaw.com
Hilary L. Preston
hpreston@velaw.com
Vinson & Elkins, LLP
2801 Via Fortuna, Suite 100
Austin, TX  78746

Laura E. Muschamp
lmuschamp@cov.com
Covington & Burling LLP
9191 Towne Centre Drive
6th Floor
San Diego, CA  92122-1225

/s/ Laura Keller
Laura Keller