Laura E. Muschamp (AZ Bar # 017531)
lmuschamp@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive
6th Floor
San Diego, CA 92122-1225
T: (858) 678-1803
F: (858) 678-1603

Michael M. Markman (*Pro Hac Vice*)
mmarkman@cov.com
Robert J. Williams (*Pro Hac Vice*)
rwilliams@cov.com
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
T:  (415) 591-7000
F:  (415) 955-6520

Attorneys for Defendant
*Phoenix Newspapers, Inc., d/b/a*
*The Arizona Republic*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helferich Patent Licensing, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>Suns Legacy Partners LLC, et al.<br><br>    Defendants. | Civil Case No.: 2:11-cv-02304 PHX DGC<br><br>**PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT [Dkt. No. 62]** |

Pursuant to Local Rule 7.2(c), defendant Phoenix Newspapers, Inc. ("PNI") submits its partial opposition to Plaintiff Helferich Patent Licensing, LLC ("HPL")'s Motion For Leave To File An Amended Complaint [Dkt. No. 62].

\\

# MEMORANDUM OF POINTS AND AUTHORITIES

## Introduction

Defendant Phoenix Newspapers, Inc. ("PNI") opposes Plaintiff Helferich Patent Licensing, LLC's ("HPL's") motion for leave to file an amended complaint *only in part*. Like its co-defendants, PNI does not oppose HPL's request for leave to add claims for alleged infringement of HPL's three new patents. Like its co-defendants, PNI also does not oppose HPL's request for leave to amend its complaint to add allegations of willful infringement of those patents, though PNI contends they are meritless and will deny them in its answer. And, like its co-defendants, PNI answered HPL's earlier allegations of willful infringement of the three patents at issue in HPL's original complaint. PNI lacks any intent to infringe a valid patent claim, denied HPL's claims of willful infringement of the patents asserted in the original complaint, and will deny HPL's claims of willful infringement of its three new patents in its proposed amended complaint.

PNI, however, opposes HPL's request for leave to amend its complaint to add a series of inflammatory allegations that HPL contends support its claims of willful infringement. The objectionable allegations concern (a) statements made by third parties, not PNI, to the U.S. Patent and Trademark Office ("PTO") in its reexamination of the validity of many of HPL's patent claims and in litigation in the Northern District of Illinois where PNI is not a party, (b) the allegations made by PNI in good faith in its invalidity counterclaim, and (c) a false allegation made on information and belief that PNI has refused to engage in individual settlement negotiations with HPL without first disclosing it to or getting permission from unspecified third parties in a joint defense group.

With this background, PNI objects to HPL's new allegations in paragraphs 23-31 (and paragraphs 37, 44, 51, 58, 65, and 72, to the extent they reference the new statements in paragraph 23-31) of the proposed amended complaint for two reasons. *First,* HPL's new allegations cannot support a claim of willfulness as a matter of law and

so the proposed amendment is futile. Willfulness is an issue that concerns the state of mind of the defendant. Most of HPL's proposed new allegations do not relate to *PNI's* alleged intent to infringe HPL's patent claims. Rather, most concern statements made by third parties -- not PNI -- in the PTO's reexamination of the validity of many of HPL's patent claims. Regarding the allegations that actually involve PNI, (a) being a member of a "joint defense group" that includes others targeted by lawsuits filed by the same plaintiff on the same patents is not an indication of an objective or subjective intent to infringe a valid patent claim, and (b) if HPL conducted a pre-filing investigation, then HPL cannot allege in a pleading filed with the Court that "PNI agreed with other NYT Defense Group members not to conduct individual settlement negotiations with HPL, or settle with HPL without prior disclosure to or approval of other NYT Defense Group members."

*Second,* HPL's proposed amended complaint seeks to inject allegations of misconduct before the PTO in an apparent effort to taint PNI's credibility but that do not relate to PNI, in violation of Rule 12(f) of the Federal Rules of Civil Procedure. *See* [Dkt. No. 62, Ex. B ¶¶23-31]. The new allegations seek to smear PNI with statements that are at once immaterial to a claim of willfulness and that amount to legal argument.[1] The Court should deny HPL leave to amend its complaint to include its proposed new allegations in paragraphs 23 to 31.

## Statement of Facts

**A.     HPL's Original Complaints**

On December 14, 2011, HPL filed suit against PNI alleging willful infringement of three U.S. Patents (the '716, '757, and '838 patents). On January 24, 2012, the Court

---

[1] PNI and its counsel also contend that HPL's proposed new allegations are factually incorrect. But, under Rule 12, PNI limits its objection to the grounds identified above. Under the rules, PNI should not be required to deny HPL's new allegations, though it will do so if the Court grants HPL leave to amend.

consolidated the lawsuit against PNI with HPL's lawsuits against the Phoenix Suns, the NBA, and Nissan.  Case No. 2:11-cv-02476-NVW [Dkt. Nos. 1, 10].  HPL's complaints alleged willful infringement by those entities of the same patents.

### B. HPL's Proposed Amended Complaints

On April 18, 2012, HPL filed a motion for leave to amend its complaint to allege willful infringement of three new patents (the '741, '601, and '450 patents).  HPL singled PNI out for special treatment -- its proposed amended complaint against PNI includes nine new paragraphs under the heading "Additional Conduct by Defendant Establishing Willful Infringement."  *See* [Dkt. No. 62, Ex. B ¶¶23-31].  Those proposed new allegations include, among others, that:

- PNI is "a member of a joint defense group" with other companies sued by HPL.  *Id.* at ¶ 23(a).
- "[T]he NYT [New York Times] Defense Group approved and agreed to a strategy of filing repeated, staggered and seriatim reexamination requests" "in furtherance of a plan to harass HPL, increase HPL's expenses, and stall HPL's licensing program."  *Id.* at ¶ 23(b).
- "NYT (and if in existence at the time, the NYT Defense Group) made numerous false or misleading statements to the PTO".  *Id.* at ¶ 23(c), (d) (there is no paragraph 23(e) in the proposed amended complaint); 24-30.
- "The Arizona Republic repeated many of the false or misleading statements made to the PTO … in court filings in this action".  *Id.* at ¶ 23(f).
- PNI "agreed with other NYT Defense Group members not to conduct individual settlement negotiations with HPL, or settle with HPL without prior disclosure to or approval of other NYT Defense Group members." *Id.* at ¶ 23(g).

- PNI "ignored PTO decisions favorable to HPL in the reexamination proceedings, and instead, continues to infringe HPL's patents." *Id.* at ¶ 23(h).
- "Defendant's counsel, Covington & Burling, made false or misleading statements to the District Court for the Northern District of Illinois on behalf of the NYT Defense Group." *Id.* at ¶ 23(i).
- "Defendant and the NYT Defense Group expected the PTO to rely on all the statements made in the reexamination filings, including those that were false or misleading". *Id.* at ¶ 25.
- "The Arizona Republic, or its counsel Covington & Burling LLP, repeated in court filings in this action many of the same false or misleading statements that were made to the PTO in the first, second and third rounds of reexaminations.  Moreover, after placing the Arizona Republic and its counsel Covington & Burling LLP on notice of those false or misleading statements, the Arizona Republic and its counsel refused to correct and instead yet again endorsed the false or misleading statements…" *Id.* at ¶31.

HPL had not sought to confer with its opponents before filing its motion.  The Court ordered HPL to supplement its motion with the position of the other parties, which HPL did on April 24, 2012.  [Dkt Nos. 63, 64].  PNI confirmed that it does not oppose HPL's motion for leave to add its three new patents to the case.  PNI explained that it does oppose leave for HPL to add its proposed new allegations in paragraphs 23-31 (and the paragraphs specifically referring back to them).

## **Argument**

I. **HPL's Amendment Is Futile Because Its Allegations Do Not Support A Claim Of Willfulness As A Matter Of Law**

"Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in

futility." *Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).  Such is the case here.

### A. Alleged Statements Made By Third Parties Do Not Have A Bearing On PNI's State Of Mind

HPL's proposed amendment to include the new paragraphs alleging facts concerning statements made by third parties, not PNI, would be futile for two reasons (these include paragraphs 23(b)-(d), (i), and 24-30.  *First,* these new allegations are immaterial -- they concern allegations about third parties that are not fairly attributable to PNI's state of mind concerning infringement of HPL's patent claims.  Allegations that cannot support a cause of action are futile, and the Court need not grant leave for HPL to amend its complaint to add its futile allegations.

*Second,* those paragraphs seek to taint PNI with allegations of misconduct that do not relate to PNI.  If added to an amended complaint, PNI could and would ask the Court to strike them under Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.").  The Court would be empowered to strike these allegations based on a showing "1) that the material is redundant, immaterial, impertinent, or scandalous or that the requested relief is unavailable and 2) how such material will cause prejudice."  *TriQuint Semiconductor, Inc. v. Avago Technologies U.S., Inc.*, 2010 U.S. Dist. LEXIS 89690 at *8 (D. Ariz. 2010).

The new third party paragraphs (23(b)-(d), (i), and 24-30) are immaterial, since the allegations are not related to HPL's claims for infringement or willful infringement.  "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  *Skydive Ariz., Inc. v. Quattrochi*, 2006 U.S. Dist. LEXIS 63299, 2006 WL 2460595, at *3 (D. Ariz. Aug. 22, 2006) (citations omitted).

Here, willfulness is a question of objective and subjective intent of the defendant, not third parties.  "[L]iability for willfulness of infringement turns on considerations of

intent." *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1373 (Fed. Cir. 2010) (*citing Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1192-93 (Fed. Cir. 1996)). Willful infringement requires that "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and that this risk "was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). If willfulness is found, nine factors can inform the Court's decision whether to enhance damages based on the "totality of the circumstances," including:

> (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) defendant's size and financial condition; (5) closeness of the case; (6) duration of defendant's misconduct; (7) remedial action by the defendant; (8) defendant's motivation for harm; and (9) whether defendant attempted to conceal its misconduct.

*Liquid Dynamics Corp. v. Vaughan Co.,* 449 F.3d 1209, 1225 (Fed. Cir. 2006) (citing *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992), *superseded on other grounds as recognized by Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575 (Fed. Cir. 1996)).

Setting aside the accuracy of HPL's proposed new allegations -- which are hotly disputed -- none of the statements made in paragraphs 23(b)-(d), (i), and 24-30 bear on *PNI's intent*. On their face, the new allegations are also not tied to the factors for determining whether to enhance damages once willfulness is found. HPL implies that the allegations in paragraphs 23(b)-(d), (i), and 24-30 relate to willfulness, but this is incorrect as a matter of law. [Dkt. No. 62 at 4; Dkt. No. 64 at 3].

### B.  HPL's Proposed New Allegations Concerning PNI (Paragraphs 23(a), (f), (g), and 31) Do Not Support A Claim Of Willfulness

HPL's proposed new allegations include three paragraphs relating to PNI rather than third parties. The first alleges that PNI is a member of a joint defense group along with other companies targeted by HPL. [Dkt. No. 62, Ex. B ¶ 23(a)]. The second

1   alleges that PNI has refused to negotiate a settlement with HPL without participation or
2   consent of the alleged joint defense group. *Id.* at ¶23(g). The third alleges that PNI
3   repeated statements to this Court that HPL believes are not accurate, and that PNI stood
4   by those statements when HPL threatened to seek sanctions and demanded that PNI
5   withdraw them. *Id.* at ¶¶ 23(f), 31.
6       None of these proposed new allegations support a claim of willfulness.
7       Allegations that PNI is a member of a joint defense group along with other
8   companies targeted by HPL, even if true, do not support a claim for willful infringement.
9   *Id* at ¶ 23(a). Joint defense agreements are common in patent infringement actions
10  where a patent holder asserts claims of the same patents against dozens of companies
11  either serially or in parallel. *See*, *e.g.*, *In re Shared Memory Graphics LLC*, 659 F.3d
12  1336 (Fed. Cir. 2011). Such agreements are not probative of an intent to infringe a valid
13  patent, as the fact of such an agreement alone has no bearing on PNI's intent that the
14  patent is valid and infringed.
15      HPL also alleges that PNI has refused to negotiate a settlement with HPL without
16  participation or consent of the alleged joint defense group. *Id.* ¶23(g). This allegation
17  lacks any basis in fact. PNI is not aware of any evidence that HPL could have
18  reasonably relied upon to form its alleged information and belief that PNI cannot
19  negotiate with HPL without participation or consent of companies like Best Buy and
20  Bon Ton Department Stores. Beyond the lack of evidentiary support, however, the plain
21  words of the allegation have no bearing on whether or not PNI intends to infringe HPL's
22  patents.
23      HPL's final charge is that PNI repeated statements to this Court that HPL believes
24  are not accurate, and that PNI stood by those statements when HPL asked PNI to
25  withdraw them. *Id.* ¶¶ 23(f), 31. The facts HPL disputes are just that -- disputed facts,
26  alleged by PNI in its invalidity counterclaim and sometimes denied by HPL in its answer
27  to PNI's counterclaim -- to be resolved in the litigation. The language of the allegation
28

does not link PNI's statements in its invalidity counterclaim to any intent to infringe a valid patent claim.

### C. HPL's Allegations, If Given Leave To Amend, Should Be Stricken As Scandalous

In addition to the immateriality of HPL's proposed amendments, the new paragraphs are also scandalously prejudicial to PNI and should be stricken.  HPL levels accusations that PNI, counsel for PNI, and other third parties have acted dishonestly.  *See*, *e.g.*, [Dkt. 62, Ex. D at ¶¶ 23(b), 23(f), 23(g), 23(i), 25, 26, 27, 28, 29, 30, 31].  There is no question that the parties here disagree in good faith about the merits of HPL's case, and particularly disagree about the validity of HPL's patent claims.  What is certain, however, is that HPL is improperly trying to impugn PNI based on statements made by third parties who disagree with HPL.

Scandalous and prejudicial content in a pleading should be stricken.  *TriQuint Semiconductor*, 2010 U.S. Dist. LEXIS 89690 at *8.  "Scandalous material is that which cast[s] an excessively adverse light on the character of an individual or a party." *Reichert v. Nat'l Credit Sys., Inc.*, 2005 U.S. Dist. LEXIS 5784, at *12, 2005 WL 55549677, at *4 (D. Ariz. March 31, 2005) (citations omitted).  Making irrelevant and defamatory accusations about a party or its counsel is sanctionable in this Court.  *Id*. ("Having reviewed the material cited by [Reichert], the Court finds that it is both scandalous and immaterial. Said material has no relationship to the claims before the Court, and further, is designed solely to impugn [Reichert's] counsel's professional reputation.")

HPL's statements in paragraphs 23-31 serve no purpose but to cast aspersions on PNI, its counsel, and third parties.  HPL seems to accuse PNI of making false statements to the PTO, even though (setting aside the accuracy of those statements, which is disputed, under Rule 12) those statements were made by third parties.  *See*, *e.g.*, [Dkt. No. 62, Ex. D at ¶¶ 23(b), (c), (d), 24, 25, 26, 27, 29, 30, 31].  HPL accuses PNI's counsel of making false statements before the PTO and U.S. District Court for the

1  Northern District of Illinois, where PNI is not a party. *Id.* at ¶¶ 23(i); 28, 31. Counsel
2  disputes HPL's accusations, which are of a tenor that is unusual at this early stage of a
3  litigation (and, frankly, unusual even at a later stage of most patent cases).
4        Sensational accusations of false statements to U.S. District Courts and federal
5  agencies risk prejudicing PNI before the finder of fact. These allegations lack
6  countervailing probative value, since they allegations are unrelated to HPL's claims or
7  PNI's defenses. These allegations "cast an excessively adverse light on the character of
8  an individual or a party" and would properly be stricken, and HPL should be denied
9  leave to amend its complaint to include them. *Reichert*, 2005 U.S. Dist. LEXIS 5784, at
10 *12.

## Conclusion

12       For the foregoing reasons, PNI opposes HPL's motion to amend its complaint as
13 to the immaterial and scandalous content in paragraphs 23-31, and as to the references to
14 those paragraphs in paragraphs 37, 44, 51, 58, 65, and 72.

DATED: May 7, 2012

Respectfully Submitted,

By   */s/ Laura E. Muschamp*

Laura E. Muschamp (AZ Bar # 017531)
lmuschamp@cov.com
COVINGTON & BURLING LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122-1225
T: (858) 678-1803
F: (858) 678-1603

*Attorneys for Defendant Phoenix Newspapers, Inc.*

<u>Certificate of Service</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 7th day of May 2012.

By   /s/ *Laura E. Muschamp*