**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Helferich Patent Licensing, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>Suns Legacy Partners, LLC,<br><br>    Defendant. | Lead No. CV-11-2304-PHX-NVW<br><br>**CONSOLIDATED WITH** |
| Helferich Patent Licensing, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>Phoenix Newspapers, Inc.,<br><br>    Defendant. | No. CV-11-2476-PHX-NVW |
| Helferich Patent Licensing, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>NBA Properties, Inc., et al.,<br><br>    Defendants. | No. CV-12-0100-PHX-NVW |
| Helferich Patent Licensing, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>Nissan Motor Co., Ltd., et al.,<br><br>    Defendants. | No. CV-12-0060-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff Helferich Patent Licensing's Motion to Transfer Venue (Doc. 133), Defendants' Response, and the Reply. For the following reasons, the Court will deny the Motion.

Helferich Patent Licensing ("Helferich") moves to transfer this action to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Because Helferich requested the transfer, it has the burden of showing that the transfer is appropriate under § 1404(a). *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

To meet that burden, Helferich must show that that the Northern District of Illinois is a district where the case "might have been brought." A district where the action "might have been brought" is one having subject matter jurisdiction over the controversy, where the defendants are subject to personal jurisdiction, and where venue is proper. *Hoffman v. Blaski,* 363 U.S. 335, 343–44 (1960). Most pertinent to this case is the requirement that defendants be subject to personal jurisdiction in the district to which the case is to be transferred. Defendants claim that the two remaining Arizona-based Defendants—Phoenix Newspapers, Inc., and Midway Holdings, LLC ("the Arizona Defendants")—are not subject to personal jurisdiction in the Northern District of Illinois such that it is not a district in which this action "might have been brought." Defendants do not dispute that the remaining defendants would be subject to personal jurisdiction in Illinois.

In patent cases, Federal Circuit law applies to a determination of personal jurisdiction "because the jurisdictional issue is intimately involved with the substance of the patent laws." *Avocent Huntsville Corp. v. Aten Int'l Co.,* 552 F.3d 1324, 1328 (Fed. Cir. 2008). There is a two-step inquiry to determine whether personal jurisdiction is proper over an out-of-state defendant: (1) whether a forum state's long-arm statute permits service of process; and (2) whether assertion of personal jurisdiction violates due

process. *Grober v. Mako Products, Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012). Illinois and federal due process limitations are coextensive, *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011), so the inquiry collapses into whether the exercise of personal jurisdiction comports with due process. *Grober*, 686 F.3d at 1345. The Due Process Clause is satisfied if a defendant has minimum contacts with a forum state such that requiring him to defend against a lawsuit in that state "does not offend traditional notions of fair play and substantial justice." *See International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

General jurisdiction is not at issue in this Motion, as Helferich asserts only that Defendants are subject to specific personal jurisdiction in Illinois. "Specific jurisdiction . . . must be based on activities that arise out of or relate to the cause of action, and can exist even if the defendant's contacts are not continuous and systematic." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.,* 566 F.3d 1012, 1017 (Fed. Cir. 2009) (citation omitted). The Federal Circuit applies a three-prong test to determine if specific jurisdiction exists: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010).

The question of whether the Northern District of Illinois can exercise personal jurisdiction over the Arizona Defendants will turn on the first prong of this test: whether the Arizona Defendants purposefully directed activities at Illinois residents. Helferich argues that the infringement allegations against all Defendants are based directly on interactive communications over the internet that Defendants, including the Arizona Defendants, caused to be sent to Illinois and every other state. Defendants' electronic communications to subscribers in Illinois via text messaging programs and social media websites, according to Helferich, involve "intentional use of these electronic channels that are national in scope, and which certainly reach Chicago." (Doc. 148 at 6.)

Helferich contends that the reach of those electronic communications into Illinois is sufficient to establish specific personal jurisdiction in that state.

Whether electronic communications sent to subscribers and followers in a forum state represent activities purposefully directed at residents of that state depends on whether the defendant deliberately targets those residents. *be2*, 642 F.3d at 559. "Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'" *Id.* at 558 (quoting *Illinois v. Hemi Group, LLC*, 622 F.3d 754, 760 (7th Cir. 2010)). So to be subject to specific personal jurisdiction, a defendant must do more than simply operate a website that is accessible from the forum state: "a defendant must in some way *target* the forum state's market." *Id*. at 559.

Here, Helferich has not presented any evidence that the Arizona Defendants deliberately target the Illinois market with the allegedly infringing electronic messages. Rather, the evidence Defendants have presented suggests that the Arizona Defendants do not use their online content or their social media activities to target the Illinois market. The Arizona Defendants Facebook pages and Twitter accounts, while interactive, are all informational in nature and function more like broad national advertising campaigns than activities targeted at any particular state: such a campaign is not itself sufficient for exercising personal jurisdiction. *See Sweetgreen, Inc. v. Sweet Leaf, Inc.*, No. 11-CV-0859, 2012 WL 975415 (D.D.C. Mar. 23, 2012) (citing *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 106 (3d. Cir. 2004)).

The Arizona Defendants have no reason to advertise or promote their businesses to Illinois residents, and Helferich has presented no evidence that they do so any more than to residents of any other state. The electronic communications in question are not deliberately targeted at the residents of Illinois, so the Arizona Defendants "may not be haled into court in that state without offending the Constitution." *be2*, 642 F.3d at 559. The fact that some residents of Illinois may sign up for and receive electronic

communications from the Arizona Defendants can represent only "attenuated contacts." *Id.* The Arizona Defendants do not deliberately target their online content at the Illinois market, and so cannot be subject to personal jurisdiction there "without offending traditional notions of fair play and substantial justice." *Id.*

There would be obvious judicial economy and economy to the litigants if these consolidated cases were processed and tried together with substantively identical claims in the Northern District of Illinois, *Helferich Patent Licensing, LLC v. New York Times Company,* No. 1:10-cv-04387. But without a showing that all of the Defendants are subject to personal jurisdiction in the transferee forum, Helferich cannot establish that the Northern District of Illinois is a district in which this action might have been brought. As a result, Helferich has failed to meet its burden of showing that transfer is available under § 1404(a), and the case cannot be transferred.

Nevertheless, this Court will manage these cases in a manner that minimizes the inefficiency of conducting parallel proceedings. The related cases in the Northern District of Illinois are advancing on a faster track and important stages of the litigation, including claim construction, will be concluded there first. As a result, the case management schedule for these cases will be modified to enable the Court to process this litigation as quickly and efficiently as possible with the benefit of the rulings from the related cases in the Northern District of Illinois. With the aid of those rulings, to which this Court will give due consideration, the parties will avoid some of the duplicative burden and expense of re-litigating claims in both forums.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Transfer Venue (Doc. 133) is DENIED.

IT IS FURTHER ORDERED that the parties file a joint proposed Revised Case Management Schedule by February 20, 2012. The Revised Schedule shall include deadlines for discovery that mirror and promptly trail similar deadlines set in the proceedings in the Northern District of Illinois, *Helferich Patent Licensing, LLC v. New York Times Company,* No. 1:10-CV-04387 and related cases.

IT IS FURTHER ORDERED that in the Revised Case Management Schedule, all deadlines for briefing regarding claim construction shall be suspended until claim construction is complete in the related cases in the Northern District of Illinois, with briefing in light of that claim construction to follow the decision promptly.

Dated this 5th day of February, 2013.

_____
Neil V. Wake
United States District Judge